E. C. HOBRON *v.* HIKAALANI HOBRON.

HIKAALANI HOBRON *v.* E. C. HOBRON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 23, 24 AND 27, 1898.      DECIDED
MARCH 22, 1899.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE STANLEY, IN PLACE
OF FREAR, J., ABSENT.

(1) A court, in trying a libel of divorce on the ground of leprosy of
the libellee, must be *satisfied* that the libellee has contracted the
disease known as Chinese leprosy and is incapable of cure, and it is
not sufficient that the evidence ought to satisfy an ordinary and
reasonable man.

(2) Where a libel for divorce charges the libellee with adultery, it
must be shown that the libel was filed within one year from the
discovery of the illicit intercourse.

(3) Where the proofs show by the admission of the libellant that she
was aware of the adulterous intercourse of her husband for several
years prior to the filing of her libel, the decree should be refused
and the statute admits of no discretion in the court.

OPINION OF THE COURT BY JUDD, C.J.

The libellant in the first above case brought a libel for
divorce against his wife, Hikaalani Hobron, alleging as the
only ground of divorce that the libellee, his wife, has contracted
the disease known as Chinese leprosy, and is incapable of cure.
The case went to trial on that issue. Our statute referring to

divorce has been in force for many years, and it declares that
a divorce from the bonds of matrimony shall be granted "when
it is shown to the satisfaction of the court that either party has
contracted the disease known as Chinese leprosy and is inca-
pable of cure." The Circuit Judge refused the divorce because,
upon the evidence, he could not say that it had been proven
to his satisfaction that Mrs. Hobron has contracted the disease
known as Chinese leprosy. Libellant's counsel contends that
the word "satisfaction" as used in the statute means that the
evidence must be such as would satisfy an ordinary or reason-
able man, and if the physicians who had examined the libellee
are credible and if they state that she has leprosy and is in-
capable of cure, it ought, in law, to satisfy the Circuit Judge.
Several physicians say that she has leprosy. She had been
removed as a suspect in 1893 to the leper settlement on Molo-
kai and was brought down to the receiving station at Kalihi
in November, 1897. Five physicians signed a certificate de-
claring that she was a leper. Two physicians had contrary
views. One says that she had no signs of leprosy upon her and
was perfectly clean with the exception of some spots upon her
neck which resembled some other affliction as much as they
did leprosy, and he could not undertake to swear that she had
leprosy. Another physician says that a piece of the libellee's
skin taken from her body and subjected to a microscopic test
did not indicate the presence of leprosy.

Counsel for the libellant stated in court that he was surprised
at the improvement of the appearance of the libellee between
the time when she was suspected to have leprosy and went to
Molokai and the time when he saw her again at the more thor-
ough examination made in 1897, and it was admitted that the
only appearance of suspected leprosy was the spots on her neck
referred to above.

The judge also saw her, and we cannot say that his decision
that he is not satisfied that she had contracted the disease and
is incapable of cure, is erroneous.

We therefore sustain his decree dismissing the libel and over-
rule the exceptions. The above libel was filed in July, 1897.

In the second case we find that in December, 1897, Mrs. Hikaalani Hobron filed a libel praying for divorce, alleging as a ground that the libellee, E. C. Hobron, committed adultery "within the year last past, and is now and has been for several years past living in open adultery, and has had issue of such adulterous relations."

This cross libel, together with the libel above considered were heard together and various objections were made during the progress of the trial, but we find it necessary to consider only one of them. The statute forbids the granting of a divorce for the cause of adultery, among other grounds, where "the libel was not filed within one year after the discovery by the libellant of the offense charged." (Section 1935, Civil Laws.)

The adultery of the libellee, E. C. Hobron, was abundantly proved. In her testimony libellant says:

"I have heard that my husband was living with this woman, K........., for a long time. I heard of it about five months after I was sent to Molokai (1893). I have heard of it continuously since; everybody knew it on Molokai. The lunas would tell me and everybody was speaking about it."

Q. "Did you ever write to him on the subject?"

A. "I wrote to him about it, and he wrote back to me and said she was a cook, and afterwards I saw that she had been divorced from her husband, and then I made up my mind that she was his woman," (mistress) Hawaiian "wahine."

Her libel for divorce merely says that her husband has committed adultery "within the year last past," etc. The statute says that the decree of divorce cannot be granted if it is not filed within one year after the discovery by the libellant of the libellee's adultery.

Libellant says she knew of this offense of her husband during several years before the filing of her libel. Her counsel say that her knowledge was not positive but merely by rumor or hearsay. It satisfied her, however, that the allegation that he was living in adultery, was true. She should have filed her libel within one year after being so satisfied. This limitation

is statutory and cannot be avoided by proof of adultery subsequent to the libellant's discovery if it continues to the date of the libel. Counsel seem to have forgotten that mere "adultery within one year" is not sufficient. The libel must be filed within one year from the discovery. Such was the view of Chancellor Wallworth in *Valleau v. Valleau,* 6 Paige, 211. The statute of New York is very similar to ours with the exception that the time within which a bill of divorce for adultery may be filed determines after the expiration of five years. The Chancellor says:

"The right to file a bill for a divorce for such adultery will be barred after the expiration of five years, although such cohabitation or adulterous intercourse is continued down to the time of the commencement of the suit, and where such continued adultery is open and notorious, the complainant must also satisfy the court that by reason of his absence from the country or otherwise he was not aware of the fact of such continued cohabitation and adultery until within five years from the time of the commencement of the suit."

The State of Wisconsin adopted the New York statute on divorce substantially, and in *Dutcher v. Dutcher,* 39 Wis. 651, the court sustained the view of the New York Court in *Valleau v. Valleau, supra.*

We hold that the statute operates absolutely and leaves no discretion in the court.

2 Bishop on Marriage and Divorce, Sec. 107.

The exceptions are sustained. The Circuit Judge who heard this case should have denied the divorce, and the cause is remanded to the Circuit Court with directions to dismiss the libel.

Any consideration, then, of the question of the legality of the judge's mode of awarding alimony or of the amount awarded becomes unnecessary to discuss.

*C. Brown* for E. C. Hobron.

*J. A. Magoon* and *R. D. Silliman* for Hikaalani Hobron.